Filed 1/21/15  In re J.M. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>    Defendant and Appellant. | E061860<br><br>(Super.Ct.No. J255562)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Geanene M. Yriarte and Brian Saunders, Judges.  Affirmed with directions.

Dawn S. Mortazavi, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

The juvenile court found true that defendant and appellant J.M. (minor) committed two counts of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)) and

1

misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)).  Minor was thereafter

declared a ward of the court and placed on probation in the custody of his parents on

various terms and conditions.  Minor appeals from the judgment.  We find no error, and

affirm the judgment with directions.

I

FACTUAL AND PROCEDURAL BACKGROUND

In June 2014, minor's father sent 14-year-old minor against his will to live in a

group home in Baldwin Park.  On June 9 or 10, 2014, the owner of the group home

noticed her white Audi that had been parked in the parking lot of the group home was

missing.  The Audi was later recovered in Ontario, California, where minor's father lived.

Minor's father owned a 2004 Chevy Suburban.  Around 11:45 p.m. on June 9,

2014, minor's father went to bed and had left his car keys on top of his wallet on the

fireplace mantel in the living room.  Between midnight and 4:45 a.m. on June 10, 2014,

minor's father's car and keys went missing.  Minor's father noticed that a bathroom

window facing the front yard of the house was open and its screen on the ground.  Minor

did not have a key to his parents' house.

Between 4:45 and 5:00 a.m., father received a call from the director of the group

home informing him that minor and a white Audi were missing.  Minor's father informed

the director that the vehicle was parked in front of his house.

2

Minor's uncle owned a white Chevy Silverado in June 2014. Around 4:45 a.m., minor's uncle noticed his car was missing. He later discovered that his kitchen window screen looked like someone had taken it off and placed it back.

Around 7:00 a.m. on June 10, 2014, minor's father saw minor at the stop sign in front of his house driving his brother-in-law's white Chevy Silverado. Minor's father jumped into the passenger seat of his wife's car, and he and his wife chased after minor while speaking with a 911 operator. They followed minor for about 20 to 30 minutes while minor sped down city streets, rolled through stop signs, and entered and exited the 10 freeway. Minor continued to drive erratically until he lost control of the car and crashed into a 30-foot concrete sign. When minor's father checked on minor following the crash, he found minor to be unconscious. Minor's father also found his car keys as well as minor's uncle's car keys. Minor regained consciousness about five minutes later. Neither minor's father nor minor's uncle had given minor permission to take their vehicles.

After waiving his constitutional rights, minor admitted that he had taken the Audi from the group home without permission and driven it to his parents' house. He also admitted to breaking into his parents' house and taking his father's car keys and vehicle and then driving to his uncle's home in Rancho Cucamonga. He further admitted to breaking into his uncle's home through the kitchen window and taking his uncle's car keys and vehicle without permission.

On June 11, 2014, a Welfare and Institutions Code section 602 petition was filed in Los Angeles County alleging that minor had committed two counts of felony grand auto theft (Pen. Code, § 487, subd. (d)(1)) and one count of misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)).

Following an adjudication hearing on July 2, 2014, the Los Angeles County Juvenile Court found true that minor committed two counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)), the lesser included offense of felony grand auto theft, and one count of misdemeanor reckless driving. The Los Angeles Juvenile Court thereafter transferred the matter to San Bernardino County Juvenile Court for the dispositional hearing. The San Bernardino County Juvenile Court accepted the transfer on July 14, 2014.

On August 1, 2014, the San Bernardino County Juvenile Court declared minor a ward of the court and placed him on probation on various terms and conditions in the custody of his parents.

II

DISCUSSION

Minor appealed from the judgment, and we appointed counsel to represent him on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

4

We offered minor an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

However, we note that the disposition order, a document entitled "Juvenile Detention Disposition Report" prepared by the San Bernardino County Juvenile Court clerk, incorrectly states minor admitted to the offenses of two counts of felony grand auto theft (Pen. Code, § 487, subd. (d)(1)) and one count of misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)). But in fact, minor neither admitted the allegations nor was it found true he committed two counts of felony grand auto theft. Rather, following an adjudication hearing, the Los Angeles County Juvenile Court found true that minor had committed two counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)), as the lesser included offense of felony grand auto theft, and one count of misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)). As such, we order a corrected disposition order.

III

DISPOSITION

The juvenile court is ordered to prepare a corrected disposition order (the Juvenile Detention Disposition Report) reflecting that the allegations of two counts of unlawfully taking or driving a vehicle (Veh. Code, § 10851, subd. (a)) and one count of misdemeanor reckless driving (Veh. Code, § 23103, subd. (a)) were sustained. The

5

juvenile court shall thereafter forward a certified copy of the corrected disposition order to appropriate authorities.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

MILLER
J.

6